Moyer, C.J.
I
{¶ 1} This case requires us to determine whether the requirements of R.C. 2913.34(A)(4) (trademark counterfeiting) are satisfied when the state’s only evidence regarding the trademarks’ registrations is an expert witness who testifies about the registration status of the trademarks without having personally viewed the registry documents. We hold that a trademark-investigation expert’s testimony that he is aware that certain trademarks are registered but that he has never personally viewed the trademark-registration documents is insufficient to prove by itself that the trademarks are registered on the principal register in the United States Patent and Trademark Office as required for a conviction under R.C. 2913.34.
*405 II
{¶ 2} Appellee, Juanita Troisi, hosted a “purse party” in Kirtland, Ohio, where she offered purses and other items for sale. The Kirtland police were informed of this party by an invitee. After determining that “knock-off designer labels” might be sold at the party, Sergeant Jamie Tavano contacted Timothy Richissin for help on the case. Richissin, a sergeant with the Cleveland Police Department, was also employed at the time by the Professional Investigation Consulting Agency, where he specialized in investigating intellectual-property issues. The police conducted a raid of the purse party, seizing over 1,700 allegedly counterfeit purses, wallets, and jewelry pieces. At the scene, the police also obtained a written statement from Troisi in which she admitted knowing that “the purses and wallets were not authentic.”
{¶ 3} Troisi was indicted on four counts: R.C. 2913.32(A)(4), R.C. 2913.34(A)(4) and (5), and R.C. 2923.24. Two counts were dismissed, and a trial proceeded on one count of trademark counterfeiting (R.C. 2913.34(A)(4)) and one count of possessing criminal tools (R.C. 2923.24). At trial, Richissin testified that he had been trained by several purse and jewelry companies to recognize their trademarks and to recognize counterfeit products. He testified that in his opinion, the items seized from the purse party were counterfeit. No certified copies of the registered trademarks were offered as evidence; no other witness testified about the registration status of the trademarks; and no examples of genuine trademarks or genuine products were introduced at trial.
{¶ 4} A jury found Troisi guilty of one count of trademark counterfeiting and one count of possessing criminal tools. The Eleventh District Court of Appeals reversed, holding that there was insufficient evidence for the jury to find that the items seized bore a counterfeit mark as defined by law and that Richissin’s testimony was improper because it was introduced without a proper foundation. Troisi’s convictions were vacated. We accepted the state’s discretionary appeal.
Ill
{¶ 5} The General Assembly has defined the crime of trademark counterfeiting in R.C. 2913.34. R.C. 2913.34(A)(4) provides, “No person shall knowingly * * * [s]ell, offer for sale, or otherwise dispose of goods with the knowledge that a counterfeit mark is attached to, affixed to, or otherwise used in connection with the goods.” R.C. 2913.34(F) defines “counterfeit mark” as “a spurious trademark” that is “identical with or substantially indistinguishable from a mark that is registered on the principal register in the United States patent and trademark office” and the use of which “is likely to cause confusion or mistake or [to] deceive other persons.”
*406 {¶ 6} Troisi argues that the evidence, including Richissiris testimony, was insufficient to prove that any of the trademarks were registered on the principal register and that Richissin’s testimony was improperly used at trial. The state argues that sufficient evidence was presented and that Richissin’s testimony was properly admitted.
{¶ 7} In deciding whether the evidence presented at trial was sufficient to support a criminal conviction, a court must “ ‘determine whether such evidence, if believed, would convince the average mind of the defendant’s guilt beyond a reasonable doubt.’ ” In re Washington (1998), 81 Ohio St.3d 337, 339, 691 N.E.2d 285, quoting State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The evidence is viewed in the light most favorable to the prosecution, and a reviewing court will not infringe upon the province of the jury by reweighing the evidence. Id. If the evidence is found to be insufficient to prove every element beyond a reasonable doubt, the Double Jeopardy Clauses of the United States and Ohio Constitutions bar retrial. State v. Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 15. In contrast, when sufficient evidence has been introduced at trial to convict, “but on appeal, some of that evidence is determined to have been improperly admitted,” retrial is not barred. Id. at ¶ 25.
{¶ 8} We hold that the state provided insufficient evidence to show that the trademarks Richissin compared with the marks on the seized bags were registered on the principal register in the United States Patent and Trademark Office. The statute contains very specific language protecting only those marks registered on the principal register. Richissin testified that through his “training and experience,” he was aware that the marks were registered but that he had personally never seen any documents from the United States Patent and Trademark Office showing the registration. He had never obtained official trademark records, he had never seen any of the trademarks on a registry document, and he did not know when the trademarks were issued, when they expired, or whether they had been renewed. In sum, his testimony was not sufficient to prove beyond a reasonable doubt that the marks were registered. Richissin’s testimony proved, at best, that the seized items bore marks that were “identical [to] or substantially indistinguishable” from marks provided to him during his training, but not identical to or indistinguishable from any mark proven to be registered as required by the statute.
{¶ 9} Nor does Troisi’s written confession help the prosecution meet its burden of proving the registration element of the crime. Troisi admitted that she knew that the “purses and wallets were not authentic,” but that admission does not prove that any of the marks Richissin used in his comparisons were registered. The confession may be useful to the prosecution in proving other elements of their case, but it does not prove the registry status of any trademark.
*407 {¶ 10} This gap in evidence is not due to a “procedural deficiency,” permitting a retrial, as suggested by the state. Our holding that the evidence is insufficient for a conviction is based on a review of all the evidence, including Richissin’s testimony. Double-jeopardy protections therefore attach, and retrial is barred. Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at ¶ 15.
{¶ 11} We need not address the state’s second proposition of law, which argues that the appellate court’s decision improperly limited the prosecutor to introducing certified copies of trademark registrations to prove the “identical or substantially indistinguishable” element of the crime. This issue is moot, as the state did not first prove the registration of the trademarks to which the seized trademarks must be identical or substantially indistinguishable.
{¶ 12} For the foregoing reasons, we affirm the judgment of the court of appeals.
Judgment affirmed.
Pfeifer, O’Donnell, Lanzinger, and Cupp, JJ., concur.
Lundberg Stratton and O’Connor, JJ., dissent.