[Cite as *State v. Conley*, 2014-Ohio-1699.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :         CASE NO. CA2013-06-055

    - vs -                                           :         O P I N I O N
                                                               4/21/2014

                                                      :

RICKY CONLEY,                                   :

    Defendant-Appellant.                  :


CRIMINAL APPEAL FROM FRANKLIN MUNICIPAL COURT
Case No. 12-12-CRB-6947


Steven M. Runge, Franklin City Prosecutor, 401 South Main Street, P.O. Box 292, Franklin, Ohio 45005, for plaintiff-appellee

Andrea G. Ostrowski, 25 East Central Avenue, Suite 4, Springboro, Ohio 45066, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Ricky Conley, appeals from a judgment rendered by the Franklin Municipal Court convicting him of criminal damaging. For the reasons discussed below, the trial court's judgment is reversed, Conley's conviction is vacated, and Conley is discharged.

{¶ 2} A criminal damaging complaint was filed against Conley in violation of R.C.

2909.06 after all four tires were slashed on a vehicle belonging to John "Bill" Peters. The information attached to the complaint stated that Conley was positively identified leaving the scene by two eyewitnesses. After pleading not guilty, Conley moved to suppress the eyewitness' identification. At a motion to suppress hearing, one eyewitness, Laura Stephens, testified.[1] The trial court suppressed Stephens' identification of Conley as the perpetrator because her identification was primarily based on the clothing the perpetrator was wearing, which had no distinctive features.

{¶ 3} At a bench trial, Officer Jesse Shannon of the Franklin Police Department testified that on December 9, 2012, he was called to the Emerald Edge Apartments to investigate a criminal damaging complaint because tires had been slashed on a vehicle belonging to one of the residents. Officer Shannon was given a description of the suspect by dispatch. The suspect was said to be a dark-haired white male wearing a dark jacket, gray "hoodie," and blue jeans. Officer Shannon observed a man matching this description in front of a store near the apartments. Within five minutes of the call, Officer Shannon took Conley into custody.

{¶ 4} Ashley Kirby, a witness for the state, testified that she lived near Peters. On December 9, 2012, she was sitting in her apartment with the windows open when she heard several loud booms. She ran out her front door and saw a man leaning down by the back tires of Peters' vehicle. Kirby testified that she had the opportunity to see the man's face and recognized him as Conley because they had attended the same school. Over Conley's objection, Kirby's identification testimony was allowed by the trial court. While Kirby was present at the motion to suppress hearing, she was not called to testify. If she had been called to testify, the trial court later bemused that Kirby's identification testimony would have

---

1. Laura Stephens is referred to as both Laura Stephens and Laura Stevens in the record.

been admissible because she was specific regarding what she saw.

{¶ 5} The defense called Stephens, the eyewitness who had testified at the motion to suppress hearing. Stephens testified that she had called the police and had given a description of the perpetrator. While she did not clearly see the perpetrator's face, she had observed what the perpetrator was wearing.

{¶ 6} After defense counsel made a Crim.R. 29 motion for acquittal, the trial court overruled the motion. The trial court entered a finding of guilty. After the trial court had entered a finding of guilty, it addressed Peters regarding restitution. The trial court sentenced Conley to 90 days in jail, with 50 days suspended, and ordered Conley to pay $295 in restitution to Peters. Conley's jail sentence was stayed pending this appeal.

{¶ 7} Conley now appeals, setting forth two assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED IN FINDING [CONLEY] GUILTY.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED WHEN IT MODIFIED ITS SUPPRESSION DECISION OF EYE WITNESSES [sic] TESTIMONY IN THE MIDDLE OF TRIAL.

{¶ 12} In his first assignment of error, Conley argues that the trial court erred in overruling his Crim.R. 29 motion because there was insufficient evidence to support the charge of criminal damaging. Conley also argues that the trial court erred because his conviction was against the manifest weight of the evidence. In his second assignment of error, Conley asserts that because the trial court suppressed one of the eyewitnesses' testimony, the trial court erred when it allowed another eyewitness to testify at trial identifying the perpetrator as Conley. We need only to address Conley's sufficiency argument as we find it dispositive in this case.

{¶ 13} Regarding sufficiency, Conley specifically asserts that there was no direct

testimony regarding the element of consent as Peters never testified. Additionally, Conley argues that the consent element cannot be established by circumstantial evidence in this instance.

{¶ 14} An appellate court reviews the denial of a Crim.R. 29 motion under the same standard used for reviewing a sufficiency of the evidence claim. *State v. Clements*, 12th Dist. Butler No. CA2009-11-277, 2010-Ohio-4801, ¶ 17. *See also State v. Carter*, 72 Ohio St.3d 545, 553 (1995). Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* If the evidence is found to be insufficient to prove every element beyond a reasonable doubt, the Double Jeopardy Clauses of the United States and Ohio Constitutions bar retrial. *State v. Troisi*, 124 Ohio St.3d 404, 2010-Ohio-275, ¶ 7.

{¶ 15} Conley was charged with committing criminal damaging in violation of R.C. 2909.06(A)(1), which provides:

> (A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
>
> (1) Knowingly, by any means[.]

{¶ 16} Circumstantial and direct evidence have the same probative value, and in some instances, certain facts can be established only by circumstantial evidence. *State v. Gragg*, 173 Ohio App.3d 270, 2007-Ohio-4731, ¶ 17 (12th Dist.). "[C]ircumstantial evidence is

sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 75. A conviction based on purely circumstantial evidence is no less sound than a conviction based on direct evidence. *State v. Apanovitch*, 33 Ohio St.3d 19, 27 (1987). *See State v. Baldwin*, 9th Dist. Medina No. 10CA0078-M, 2011-Ohio-4988.

{¶ 17} Conley relies on *State v. Gray*, 7th Dist. Belmont No. 99 BA 35, 2001 WL 641126 (June 8, 2001), in support of his claim that circumstantial evidence is not enough to convict him of criminal damaging. In *Gray*, the defendant proposed to stipulate to certain facts. The language of the stipulation created confusion as to whether damage to a rental property occurred without a victim's consent. The trial court found that the element of "without the other person's consent" was met. When the defendant argued on appeal that this element had not been met, the appellate court held that the defendant had invited the error. The appellate court did not hold that the element "without the other person's consent" could not be met through circumstantial evidence.

{¶ 18} Furthermore, in *State v. Drane*, 2d Dist. Montgomery No. 21626, 2007-Ohio-2591, the appellate court found that there was sufficient evidence to establish that victims' vehicles were damaged without their consent even though there was no direct testimonial evidence regarding the consent element. There was evidence presented that the victims contacted the police immediately after finding damage to their vehicles and received estimates as to the cost of repairs. Accordingly, the trial court can rely on circumstantial evidence to establish the consent element of criminal damaging.

{¶ 19} In this case, nevertheless, there was no evidence, direct or circumstantial, that Conley damaged Peters' vehicle without his consent. There was no testimony from Peters that he did not consent to Conley damaging his vehicle. In fact, there was no testimony from Peters at all. There was no testimony or evidence that Peters called the police, filed an

insurance claim, or received an estimate on the cost of repairs to his vehicle. The restitution amount was only established when the trial court asked Peters his costs after finding Conley guilty. Peters at this time stated that he had $45 in towing expenses and a $250 insurance deductible. Because of the lack of evidence regarding the consent element, there was insufficient evidence presented to sustain Conley's conviction for criminal damaging. Double jeopardy attaches to bar the state from reprosecuting the criminal damaging charge. Conley's first assignment of error is sustained.

{¶ 20} Given our disposition of Conley's first assignment of error, it is unnecessary to reach the merits of his second assignment of error as it is rendered moot. *See* App.R. 12(A)(1)(c).

{¶ 21} Judgment reversed, Conley's conviction is vacated, and Conley is discharged.

RINGLAND, P.J., and S. POWELL, J., concur.