[Cite as *Autumn Care Center, Inc. v. Todd*, 2014-Ohio-5235.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| AUTUMN CARE CENTER, INC. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| CAROL TODD, ET AL. | : | Case No. 14-CA-41 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2014 CV 00090


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      November 21, 2014


APPEARANCES:

For Plaintiff-Appellant                           For Defendants-Appellees

RICK L. BRUNNER                                ARA MEKHJIAN
PATRICK M. QUINN                           EMILY PELPHREY
KAITLIN L. MADIGAN                        30 East Broad Street
35 North Fourth Street                     26th Floor
Suite 200                                       Columbus, OH  43215
Columbus, OH  43215

*Farmer, J.*

{¶1}    Appellant, Autumn Care Center, Inc., owns and operates a skilled nursing home facility.    On January 3, 2013, employees of the Ohio Department of Health, appellees herein, surveyed the facility to determine if it was in compliance with the federal requirements for nursing homes participating in the Medicare/Medicaid programs.  Based upon the survey, appellant received citations, two of which appellant contested, one for hot cereal which was lukewarm and had no flavor, and one for a dispute which occurred between two residents.

{¶2}    On January 29, 2014, appellant filed a complaint for declaratory judgment, seeking a declaration that appellees violated its rights to due course of law and equal protection under the Ohio Constitution.  On March 31, 2014, appellees filed a motion to dismiss.  By judgment entry filed April 30, 2014, the trial court granted the motion and dismissed the complaint, finding appellant failed to state a claim upon which relief can be granted and failed to exhaust its administrative processes and remedies.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ERRED IN HOLDING THAT AUTUMN COULD NOT BRING ITS CLAIMS BEFORE THE COURT BECAUSE THE EQUAL PROTECTION AND DUE COURSE OF LAW CLAUSES OF THE OHIO CONSTITUTION ARE NOT SELF-EXECUTING."

II

{¶5} "THE TRIAL COURT ERRED IN HOLDING THAT AUTUMN WAS REQUIRED TO EXHAUST ITS ADMINISTRATIVE REMEDIES PRIOR TO FILING ITS COMPLAINT IN THE LICKING COUNTY COURT OF COMMON PLEAS."

I

{¶6} Appellant claims the trial court erred in determining the equal protection and due course of law clauses of the Ohio Constitution are not self-executing, thereby dismissing its declaratory judgment action under Civ.R. 12(B)(6). We disagree.

{¶7} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd. v. Faber,* 57 Ohio St.3d 56 (1991).

{¶8} Article I, Section 2, of the Ohio Constitution is the equal protection clause and states: "All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the General Assembly."

{¶9}    Article I, Section 16, of the Ohio Constitution is the due course of law clause and states: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.  Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

{¶10} In its judgment entry filed April 30, 2014, the trial court dismissed the declaratory judgment action, stating the following in pertinent part:

> Because Sections 2 and 16 of Article I "are not self-executing provision, they do not create independent causes of action.  Moreover, unlike the federal system where 42 U.S.C. § 1983 creates a private cause of action to remedy violations of the United States Constitution, there exists no statute in Ohio analogous to Section 1983."  *PDU* [*v. City of Cleveland,* 8th Dist. Cuyahoga No. 81944, 2003-Ohio-3671] at ¶27.  Thus, Plaintiff fails to state a claim upon which relief can be granted.

{¶11} The January 29, 2014 declaratory judgment action named individual employees of the Ohio Department of Health.  The facts claimed the individual employees, in issuing certain citations to appellant, denied appellant "due course of law and equal protection of the law."  Paragraph 11 of the complaint stated: "On or about August 29, 2013 a corporate affiliate of Plaintiff, Autumn Health Care of Zanesville, Inc. filed a suit against the Defendants and others, a copy of which is attached hereto as Exhibit 1, in which averments of denial of due course of law and equal protection were

raised."   Exhibit 1 is a complaint filed in Muskingum County.   Thereafter, appellees conducted an inspection of appellant's facility and issued the aforementioned citations (Exhibit 2, attached to the complaint).   Appellant filed the action sub judice, seeking to have the trial court determine the following:

28.1 That Defendants in dealing with Plaintiff in connection with Exhibit 2 through 2.1 to the Plaintiff's Complaint failed to provide and afford  Plaintiff with due course of law and equal protection of law under the Ohio Constitution,

28.2 That the Defendant named in Exhibit 1 (Defendant Todd) knew or had reason to know that she had a conflict of interest in dealing with Plaintiff by reason of Exhibit 1;

28.3 That Defendant named in Exhibit 1 (Defendant Todd) should have recused or sought recusal of herself from any involvement with or any connection with the investigation which resulted in Exhibits 2 and 2.1.

28.4 That all Defendants can and will be ordered to afford Plaintiff due course of law and equal protection of the law in accordance with the Ohio Constitution including but not limited to voiding any action taken by any of them in any way connected with the circumstances pled in paragraphs 13 through 24 of Plaintiff's Complaint and removing themselves from any ongoing or future involvement with the circumstances pled in paragraphs 13 through 24 of Plaintiff's Complaint or in the alternative,

28.5 That this Court declare what constitutes due course of law and equal protection of law under the Ohio Constitution in Defendants dealing with Plaintiff, or in the alternative,

28.6 That this court declare the rights and responsibilities of the parties.

{¶12} The principle of self-executing and non-self-executing was discussed in detail by the Supreme Court of Ohio in *State ex rel. Russell v. Bliss,* 156 Ohio St. 147, 150-152 (1951):

Although a constitution may be adopted to provide a framework of government, granting certain powers to the legislative branch of the government and withholding others, many state constitutions have in more recent times included therein forms of legislation with such detail of operation as to make them self-executing. On this subject, 11 American Jurisprudence, 689, Section 72, states as follows: 'When the federal Constitution and the first state constitutions were formed, a constitution was treated as establishing a mere outline of government providing for the different departments of the governmental machinery and securing certain fundamental and inalienable rights of citizens, but leaving all matters of administration and policy to the departments created by the constitution. This form of the organic instrument gave rise to a general presumption that legislation is necessary in order to give effect to the provisions of the

constitution and that its terms operate primarily as commands to the officers and departments of the government. During the last fifty years, state constitutions have been generally drafted upon a different principle and have often become, in effect, extensive codes of laws intended to operate directly upon the people in a manner similar to that of statutory enactments. Accordingly, the presumption now is that all provisions of the constitution are self-executing. As in the case of the question whether a constitutional provision is mandatory or directory, the courts may be influenced in interpreting such provisions as self-execution rather than as requiring legislation, by the knowledge that if not treated as self-executing, the legislature would have the power to ignore and practically nullify the directions of the fundamental law.'

In discussing the tests by which a constitutional provision may or may not be construed to be self-execution, the same text, 11 American Jurisprudence, 691, Section 74, states as follows: 'One of the recognized rules is that a constitutional provision is not self-executing when it merely lays down general principles, but that it is self-executing if it supplies a sufficient rule by means of which the right which it grants may be enjoyed and protected, or the duty which it imposes may be enforced, without the aid of a legislative enactment. Therefore, if a constitutional provision either directly or by implication imposes a duty upon an officer, no legislation is necessary to require the performance of such duty. Another way of stating this general, governing principle is that a constitutional

provision is self-executing if there is nothing to be done by the legislature to put it in operation. In other words, it must be regarded as self-executing if the nature and extent of the right conferred and the liability imposed are fixed by the constitution itself, so that they can be determined by an examination and construction of its terms, and there is no language indicating that the subject is referred to the legislature for action. Thus, a constitutional provision which reduces the number of grand jurors from sixteen to seven, five of whom must concur in the finding of an indictment, is self-executing. Similarly, a constitutional provision that a corporate charter shall be forfeited if certain conditions are not complied with within a specified time is self-executing. * * *'

{¶13} In *State v. Williams,* 88 Ohio St.3d 513, 2000-Ohio-428, former Chief Justice Thomas Moyer further elaborated on the differences between self-executing and non-self-executing provisions. As he noted at 523, the issue involved in self-executing versus non-self-executing is whether the language of the constitutional guarantee "gives us a methodology to determine how to accord protection to these rights."

{¶14} In using this analysis, it is clear that the equal protection and due course of law clauses in the Ohio Constitution are statements of fundamental ideals upon which governments are created. As with Article 1, Section 1, the language in Article I, Sections 2 and 16, "lacks the completeness required to offer meaningful guidance for judicial enforcement." *Williams* at 523. In addition to this explicit guidance given to us that leads to the conclusion that Article I, Sections 2 and 16, are not self-executing, our

brethren from the Eighth District in *PDU, Inc. v. City of Cleveland,* 8th Dist. Cuyahoga No. 81944, 2003-Ohio-3671, ¶ 21, stated: "The language of Article I, Sections 2, 11, and 16 is not sufficiently precise to provide clear guidance to the courts with respect to enforcement of its terms or application of its provisions." The *PDU* court further stated at ¶ 27: "Thus, because Sections 2, 11, and 16 of Article I of the Ohio Constitution are not self-executing provisions, they do not create independent causes of action. Moreover, unlike the federal system where 42 U.S.C. § 1983 creates a private cause of action to remedy violations of the United States Constitution, there exists no statute in Ohio analogous to Section 1983."

{¶15} Apart from this determination which appellant appears to assent to, appellant argues the trial court's determination was in error because the action was initiated under the Declaratory Judgment Act, R.C. Chapter 2721, and in particular, R.C. 2721.03 which states the following:

Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶16} Appellant argues as a private business, it may bring a claim under R.C. 2721.03, seeking the trial court to declare its constitutional rights were violated. Appellant argues it is irrelevant whether Article 1, Sections 2 and 16, are or are not self-executing.

{¶17} " 'The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.' " *Aust v. Ohio State Dental Bd.,* 136 Ohio App.3d 677, 681 (10th Dist.2000). In addition, a moving party in a declaratory judgment action must have sufficient standing to bring the action:

> ***Ohio Rev. Code § 2721.03 does not by itself provide a plaintiff with the standing to sue, but rather serves as the legal basis for obtaining declaratory judgment by a plaintiff who already has standing. *See Aarti* [*Hospitality v. City of Grove City, Ohio,* 486 F.Supp.2d 696 (S.D.Ohio 2007)], 486 U.S. at 700 (The statute itself is simply a mechanism through which an appropriate plaintiff may proceed, but the statute does not create the appropriate plaintiff.); *see also Walgash v. Bd. Of Trs. of Monclova Twp. Lucas County*, No. L-80-105, 1981 WL 5518, at *4 (Ohio App. 6th Dist. Mar. 20, 1981) ("While R.C. 2721.03 creates the right to bring a declaratory judgment action to determine the validity of an ordinance, the requirements of justiciability, including standing and ripeness, must still be met before a court can entertain the action.")

*Bridge v. Aames Capital Corporation,* N.D.Ohio No. 1:09 CV 2947, 2010 WL 3834059, *5 (Sept. 29, 2010).

{¶18} Despite appellant's arguments, the facts in this case do not lead us to the conclusion that it had standing or that it had pled a justiciable claim.

{¶19} The complaint does not allege any injury or any punitive action taken by appellees, state employees. There is no pending action relative to the findings in the survey. What the complaint does allege is that the named state employees did not do their jobs. However, no corrective action has resulted from this claimed malfeasance. Therefore, we conclude no justiciable claim has been raised.

{¶20} Upon review, we find the trial court did not err in its determination relative to the Civ.R. 12(B)(6) dismissal on failure to state a claim upon which relief can be granted.

{¶21} Assignment of Error I is denied.

II

{¶22} Appellant claims the trial court erred in finding it had failed to exhaust administrative remedies.

{¶23} In its judgment entry filed April 30, 2014, the trial court, after having determined appellant had failed to state a claim upon which relief can be granted, stated the following:

Further, the damages and harm plaintiff alleges it has been or may be subjected to are provided for by state and federal regulations for which there are administrative processes and remedies. Plaintiff has not exhausted those remedies. "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."***Finally, courts "have uniformly held that actions for declaratory judgment and injunction are inappropriate where special statutory proceedings would be bypassed." (Citations omitted.)

{¶24} Per our review of the complaint, we find the issue of exhaustion of administrative remedies was moot once the trial court concluded appellant had failed to state a claim upon which relief can be granted.

{¶25} As the record before the trial court reveals, using the four corners of the complaint and answer, there is no administrative action involved in the case. There has been no administrative action taken by the Ohio Department of Health or the U.S. Department of Health and Human Services relative to appellant's right to be a Medicare/Medicaid provider.

{¶26} Federal cases, *Autumn Health Care of Zanesville, Inc. v. U.S. Dept. of Health & Human Services,* 959 F.Supp.2d 1044 (S.D.Ohio 2013) and *Cathedral Rock of North College Hill, Inc. v. Shalala,* 223 F.3d 254 (6th Cir.2000), are very explicit that exhaustion of administrative remedies is a predicate to a civil action. Chapter 119 appeals are also explicit as to exhaustion of administrative remedies.

{¶27} Upon review, we find the issue under this assignment to be moot given our ruling in Assignment of Error I.

{¶28} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

SGF/sg 1024