[Cite as *Autumn Health Care of Cambridge, Inc. v. Todd*, 2015-Ohio-264.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| AUTUMN HEALTH CARE OF CAMBRIDGE, INC. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| CAROL TODD, ET AL. | : | Case No. 14 CA 16 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 14CV000041



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                January 20, 2015




APPEARANCES:

For Plaintiff-Appellant                   For Defendants-Appellees

RICK L. BRUNNER                           ARA MEKHJIAN
PATRICK M. QUINN                          EMILY PELPHREY
KAITLIN L. MADIGAN                        30 East Broad Street
35 North Fourth Street                    26th Floor
Suite 200                                 Columbus, OH  43215
Columbus, OH  43215

*Farmer, J.*

{¶1}    Appellant, Autumn Health Care of Cambridge, Inc., owns and operates a skilled nursing home facility.   On September 28, 2013, employees of the Ohio Department of Health, appellees herein, surveyed the facility to determine if it was in compliance with the federal requirements for nursing homes participating in the Medicare/Medicaid programs.   Based upon the surveys, appellant received numerous citations.

{¶2}    On August 29, 2013, appellant filed a complaint for declaratory judgment, seeking a declaration that appellees violated its rights to due course of law and equal protection under the Ohio Constitution.   On February 28, 2014, appellees filed a motion to dismiss.   By entry filed July 23, 2014, the trial court granted appellees' motion and dismissed the complaint.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION OVER AUTUMN'S CLAIM FOR DECLARATORY RELIEF, AND THE COMPLAINT STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED.   THE TRIAL COURT THEREFORE ERRED IN DISMISSING THE COMPLAINT."

II

{¶5}    "THE TRIAL COURT ERRED IN DISMISSING AUTUMN'S CLAIMS FOR FAILURE TO JOIN A PARTY UNDER CIV. R. 19 WHERE CMS WAS NOT A PROPER PARTY TO THE COMPLAINT."

III

{¶6}   "THE TRIAL COURT ERRED IN DISMISSING AUTUMN'S COMPLAINT FOR ATTACHING EXHIBITS TO ITS COMPLAINT WHICH WERE NOT PRIVILEGED AND WHICH AUTUMN NEVER INTRODUCED INTO EVIDENCE."

{¶7}   Appellant challenges the trial court's July 23, 2014 Civ.R. 12(B) dismissal of the complaint.  The February 28, 2014 motion to dismiss filed by appellees contained both Civ.R. 12(B)(1) and (6) arguments i.e., issues of standing and failure to demonstrate an injury, subject matter jurisdiction and exhaustion of administrative remedies, ineffective pleading, failure to join a necessary party, and issues as to striking attachments to the complaint.

{¶8}   Our standard of review on a Civ.R. 12(B) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228 (1990).  A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 1992-Ohio-73.  Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.  *Byrd. v. Faber,* 57 Ohio St.3d 56 (1991).

I

{¶9}   Appellant claims the trial court erred in dismissing the complaint because the trial court had subject matter jurisdiction and the complaint stated a claim upon which relief may be granted.  We disagree.

{¶10} During oral argument, appellant argued the facts in the complaint were sufficient to establish a "stigmatizing harm" as a result of the survey findings, despite not arguing the issue at the trial court level or in its appellate brief. Although this is a novel argument, it is worthy to note that appellant, by filing the complaint and attaching the survey findings, is in fact the publisher of the stigmatizing harm.

{¶11} "It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal.***" *Branden v. Branden,* 8th Dist. Cuyahoga No. 91453, 2009-Ohio-866, ¶ 30. "[A]n issue raised during oral argument for the first time and not assigned as error in the appellate brief is, generally, untimely.***" *State v. Chambers,* 10th Dist Franklin No. 99AP-1308, 2000 WL 963890 (July 13, 2000), *7. "Further, under App.R. 12(A), an appellate court is not required to consider issues not argued in the briefs." *Id.*

{¶12} In its complaint filed August 29, 2013, appellant sought declaratory relief, praying for the following:

59. Plaintiff prays for a judgment declaring as follows:

59.1 That Defendants in dealing with Plaintiff in connections with Exhibits 1 through 7 to the Plaintiff's Complaint failed to provide and afford Plaintiff with due course of law and equal protection of law under the Ohio Constitution,

59.2 That all surveys of Autumn Healthcare Zanesville of an "F" rating be declared void, affording Plaintiff due course of law and equal

protection of the law in accordance with the Ohio Constitution or in the alternative,

59.3 That this Court declare what constitutes due course of law and equal protection of law under the Ohio Constitution in Defendants dealing with Plaintiff.

{¶13} In *Autumn Health Care of Zanesville, Inc. vs. Carol Todd,* 5th Dist. Muskingum No. CT2014-0020, 2014-Ohio-____, ¶ 12, and *Autumn Care Center, Inc. vs. Carol Todd,* 5th Dist. Licking No. 14-CA-41, 2014-Ohio-5235, ¶ 11, this court reviewed the identical claims and issues as argued sub judice.[1] This court specifically found the language of the complaints, although couched as declaratory judgment actions, did not raise justiciable claims or injuries and therefore the trial court lacked subject matter jurisdiction until all administrative remedies were exhausted:

[*Autumn Health Care, supra,* at ¶31-33.] All of the complaints levied against appellees in this case are subject to administrative review. Until and when the administrative review is complete, there is no justiciable claim or subject matter jurisdiction.

Although appellant has assigned various other arguments in support of reversal as cited above, we find under Ohio case law and the administrative process, we need not address the other issues save for the issue of whether the dismissal was with prejudice.

---

[1]We note the opinions and judgment entries in both cases were filed on November 21, 2014, and appeals to the Supreme Court of Ohio have not been taken.

The dismissal we are affirming rests on the failure to exhaust administrative remedies and the present availability of a justiciable claim. We find such a dismissal relates to subject matter jurisdiction and is otherwise than on the merits; therefore, the dismissal is without prejudice under Civ.R. 41(B)(4)(a).

[*Autumn Care Center, supra,* at ¶ 18-19] Despite appellant's arguments, the facts in this case do not lead us to the conclusion that it had standing or that it had pled a justiciable claim.

The complaint does not allege any injury or any punitive action taken by appellees, state employees. There is no pending action relative to the findings in the survey. What the complaint does allege is that the named state employees did not do their jobs. However, no corrective action has resulted from this claimed malfeasance. Therefore, we conclude no justiciable claim has been raised.

{¶14} Based upon these specific findings in this court's prior opinions, we deny appellant's first assignment of error herein and affirm the trial court's dismissal of appellant's complaint without prejudice.

{¶15} Assignment of Error I is granted. Assignments of Error II and III are moot.

{¶16}  The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 106