[Cite as *State v. Van Pelt*, 2016-Ohio-2678.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-08-142 |
| | : | O P I N I O N |
| - vs - | | 4/25/2016 |
| | : | |
| TRACY J. VAN PELT, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 15 CRB 02478-A

Neal D. Schuett, Hamilton City Prosecutor, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Tracy J. Van Pelt, appeals from her conviction in the Hamilton Municipal Court for loitering to engage in solicitation. For the reasons set forth below, we affirm.

{¶ 2} On July 7, 2015, Sean Gill, a detective with the Trenton Police Department, was assisting the Hamilton Police Department in an undercover operation to discover prostitutes

working in Hamilton, Ohio. Around 3:00 p.m., Gill was notified that a known prostitute was in the area near the intersection of East Avenue and Long Street. Gill, who was wearing a wire, drove an unmarked police car into the area and saw appellant standing on the side of the road near the intersection. Gill pulled over to the side of the road, approximately 20 to 30 feet away from appellant. Appellant made eye contact with Gill, approached Gill's car, and tried to open the locked passenger door. After the door was unlocked, appellant got into the car and closed the door.

{¶ 3} Once inside Gill's car, appellant had a conversation with Gill, which was recorded. Gill asked if appellant "wanted to party," and appellant responded "hell, yeah." Gill then asked appellant for a "blow job," and she responded by asking, "You ain't a cop, right?" After Gill assured appellant he was not a cop, appellant gave directions on where they could go to "party." As Gill was driving, he offered $20 for the blow job. Appellant did not respond to the monetary offer.

{¶ 4} As Gill was following appellant's directions, he began to call out the streets he was turning on so that other officers who were listening in were aware of his movement. This made appellant nervous, and she again asked if Gill was a police officer, stating that she had been "busted before" for solicitation. Gill denied being a cop and kept driving. He continued to repeat appellant's directions. He then told appellant, "I don't got a lot of money." At this time, appellant responded, "I - - I really don't do that" and that she "need[ed] to be comfortable" with him first. She told Gill to pull over because he was "freaking her out" by "saying street names and everything" and that "means * * * you could be the police." Gill pulled over and tried to assure appellant he was not a cop and that he wanted to party with her, but appellant said "[n]o, I got to be safe" and exited the car.

{¶ 5} Appellant was later arrested and charged with loitering to engage in solicitation in violation of R.C. 2907.241(A)(2), a misdemeanor of the third degree. She pled not guilty,

and a bench trial was held on July 30, 2015. At trial, the state presented testimony from Gill and introduced into evidence the recording of Gill's conversation with appellant. The state then rested and appellant made a Crim.R. 29 motion for acquittal, which was denied by the trial court. Thereafter, appellant rested her defense without calling any witnesses or admitting any exhibits into evidence. The matter was submitted to the court, and the court found appellant guilty of loitering to engage in solicitation. Appellant was subsequently sentenced to 60 days in jail, with credit for 24 days served.

{¶ 6} Appellant timely appealed her conviction, raising two assignments of error. For ease of discussion, we will address the assignments of error together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT [APPELLANT OF] LOITERING TO ENGAGE IN SOLICITATION.

{¶ 9} Assignment of Error No. 2:

{¶ 10} [APPELLANT'S] CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 11} In her first and second assignments of error, appellant argues her conviction for loitering to engage in solicitation was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶ 12} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after

- 3 -

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 13} A manifest weight of the evidence challenge, on the other hand, examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. "While appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, 'these issues are primarily matters for the trier of fact to decide.'" *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81, quoting *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *Thompkins*, 78 Ohio St.3d at 387.

{¶ 14} Although the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different, "[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. *See also State v. Shindeldecker*, 12th Dist. Preble No. CA2015-06-014, 2015-Ohio-264, ¶ 14.

{¶ 15} Appellant contends the state failed to present evidence that she "purposefully solicited" Gill to engage in sexual activity. Pursuant to R.C. 2907.241(A)(2), "[n]o person, with purpose to solicit another to engage in sexual activity for hire and while in or near a public place, shall * * * [e]ngage or attempt to engage another in conversation." The term "solicit" has been defined as "to entice, urge, lure, or ask." *State v. Swann*, 142 Ohio App.3d 88, 89 (1st Dist.2001); *State v. Renner*, 12th Dist. Clermont No. CA2010-06-042, 2011-Ohio-539, ¶ 10. A person acts "purposefully" when "it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶ 16} Purpose or intent may be proven by circumstantial evidence. *State v. McGraw*, 12th Dist. Fayette No. CA2009-10-020, 2010-Ohio-3949, ¶ 12. "A conviction based on purely circumstantial evidence is no less sound than a conviction based on direct evidence." *State v. Conley*, 12th Dist. Warren No. CA2013-06-055, 2014-Ohio-1699, ¶ 16. As long as the evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt, circumstantial evidence is sufficient to sustain a conviction. *Id.*, citing *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 75.

{¶ 17} After examining the record, weighing the evidence and reasonable inferences, and examining the credibility of Gill's testimony, we find that appellant's conviction for loitering to engage in solicitation was not against the manifest weight of the evidence and was supported by sufficient evidence. The state presented testimony and evidence from which the judge, as the trier of fact, could have found all elements of the offense proven beyond a reasonable doubt.

{¶ 18} Here, the state presented evidence that appellant, a "known prostitute" who admitted to having been "busted before," made eye contact with Gill and walked 20 to 30 feet

- 5 -

to his passenger door before getting into his vehicle, which was parked on a public street. Gill testified he had never met or spoke with appellant prior to her getting into his vehicle. He also denied beckoning her over to his vehicle. Once appellant was in the vehicle, appellant stated "hell, yeah" she wanted to party and she started giving directions to where they could go to "party." She gave these directions after being asked to perform fellatio and after being offered $20 for the sex act. Appellant attempted to screen Gill to find out if he was an officer, asking multiple times whether Gill was a cop and mentioning a prior "bust." It was only after Gill made appellant nervous by repeating her directions that appellant denied she would engage in a sex act for money. Appellant told Gill he had "freak[ed] her out" by saying the street names they were traveling on as his actions indicated he "could be the police." Appellant's need "to be safe" and leave Gill's vehicle happened only after she developed fears that Gill was a police officer.

{¶ 19} The foregoing provided sufficient circumstantial evidence that appellant, with the purpose of enticing or luring Gill into sex for hire, approached his vehicle and engaged him in conversation. We therefore conclude that the trier of fact did not lose its way or create such a manifest miscarriage of justice that appellant's conviction for loitering to engage in solicitation must be reversed. As appellant's conviction was not against the manifest weight of the evidence, we necessarily conclude that the state presented sufficient evidence to support the trial court's finding of guilt. *See Jones*, 2013-Ohio-150 at ¶ 19.

{¶ 20} Appellant's first and second assignments of error are, therefore, overruled.

{¶ 21} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.