[Cite as *State v. Plummer*, 2016-Ohio-7548.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO, : 

        Plaintiff-Appellee, :

    - vs -

JACOB P. PLUMMER, :

        Defendant-Appellant. :

    CASE NO. CA2016-03-019

    O P I N I O N
    10/31/2016

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 15CR30934

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Diehl & Hubbell, LLC, Martin Hubbell, 304 East Warren Street, Lebanon, Ohio 45036, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Jacob P. Plummer, appeals from his conviction in the Warren County Court of Common Pleas after a jury found him guilty of violating a domestic violence civil protection order ("DVCPO"). For the reasons outlined below, we affirm.

{¶ 2} On May 26, 2015, the Warren County Grand Jury returned an indictment charging Plummer with violating a DVCPO in violation of R.C. 2919.27(A)(1), a fifth-degree

felony in accordance with R.C. 2919.27(B)(3). The charges stemmed from allegations Plummer contacted his former live-in girlfriend, A.B., through a series of text messages as prohibited by a DVCPO issued against him on February 3, 2015. Following a jury trial, Plummer was found guilty and sentenced to serve a ten-month prison term.

{¶ 3} Plummer now appeals from his conviction, raising two assignments of error for review. For ease of discussion, Plummer's two assignments of error will be addressed together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} APPELLANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE.

{¶ 6} Assignment of Error No. 2:

{¶ 7} APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} In his two assignments of error, Plummer argues his conviction for violating the DVCPO by contacting A.B. was not supported by sufficient evidence and was otherwise against the manifest weight of the evidence. We disagree.

{¶ 9} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No.

- 2 -

CA2006-01-007, 2007-Ohio-2298, ¶ 33. When evaluating the sufficiency of the evidence, this court must "defer to the trier of fact on questions of credibility and the weight assigned to the evidence." *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

{¶ 10} On the other hand, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43.

{¶ 11} As noted above, Plummer was convicted of violating a DVCPO by contacting his former live-in girlfriend, A.B., through a series of text messages in violation of R.C. 2919.27(A)(1). Pursuant to that statute, "[n]o person shall recklessly violate the terms of * * * [a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code[.]" It is undisputed that the DVCPO in this case was issued pursuant to R.C. 3113.31 and prohibited Plummer from contacting A.B. through text message.

{¶ 12} Plummer argues his conviction should be reversed because the state failed to prove he was the person who actually sent the text messages to A.B. However, the record

- 3 -

firmly establishes that the text messages sent to A.B. originated from Plummer's phone and included a "pet name" that Plummer often called A.B. throughout their two-year relationship, a name A.B. testified only she and Plummer knew. Albeit circumstantial, this fully supports the jury's finding of guilt for it is well-established that "[a] conviction based on purely circumstantial evidence is no less sound than a conviction based on direct evidence." *State v. Conley*, 12th Dist. Warren No. CA2013-06-055, 2014-Ohio-1699, ¶ 16. Therefore, because the state presented evidence from which the jury, as the trier of fact, could find all the elements of the offense proven beyond a reasonable doubt, Plummer's conviction was supported by sufficient evidence and was otherwise not against the manifest weight of the evidence. Accordingly, Plummer's two assignments of error lack merit and are overruled.

**{¶ 13}** Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.