DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Dale Simcox has appealed from his conviction in the Wayne Count Municipal Court. This Court affirms.
 I {¶ 2} On December 14, 2005, Appellant's wife, Tina Simcox, filed a complaint against him alleging that he had committed domestic violence on November 23, 2005. Appellant pled not guilty to the charge and the matter proceeded to a bench trial on February 24, 2006. In support of its case, the State relied upon the victim's testimony, the testimony of a friend of the victim, Rhonda *Page 2 
Watson, and the testimony of the responding officer. At the close of the State's case, Appellant moved for judgment of acquittal. The trial court denied the motion and found Appellant guilty of domestic violence in violation of R.C. 2919.25(C). The trial court fined Appellant $250, sentenced him to 20 days in jail, and placed him on community control for one year. Appellant has timely appealed his conviction, raising two assignments of error for review. For ease of analysis, we have consolidated Appellant's assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL ON THE CHARGE OF DOMESTIC VIOLENCE."
 Assignment of Error Number Two "THE CONVICTION OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} In his assignments of error, Appellant has argued that the State produced insufficient evidence to support his conviction and that his conviction was against the manifest weight of the evidence. Specifically, Appellant has argued that he did not threaten the victim with imminent harm. This Court disagrees.
 {¶ 4} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for *Page 3 
sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *4. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 5} In determining whether a conviction is against the manifest weight of the evidence an appellate court: *Page 4 
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172,175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 6} Appellant was convicted of domestic violence in violation of R.C. 2919.25(C) which provides as follows:
 "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
In support of his argument, Appellant has asserted that his actions did not rise to the level of a threat of imminent physical harm. We disagree. *Page 5 
 {¶ 7} While not defined by the Revised Code, the Ohio Supreme Court has approved of a definition of the term "threat."
 "The term `threat' represents a range of statements or conduct intended to impart a feeling of apprehension in the victim, whether of bodily harm, property destruction, or lawful harm, such as exposing the victim's own misconduct. See Planned Parenthood League of Massachusetts, Inc. v. Blake (1994), 417 Mass. 467, 474, 631 N.E.2d 985 (defining `threat' as `the intentional exertion of pressure to make another fearful or apprehensive of injury or harm')." State v. Cress, 112 Ohio St.3d 72, 2006-Ohio-6501, at ¶ 39.
 {¶ 8} In support of its case, the State relied upon the testimony of the victim, Tina Simcox. Ms. Simcox testified as follows. She had filed for divorce from Appellant two weeks prior to this incident. On the night in question, Ms. Simcox was on the phone with a friend, Rhonda Watson. At that time, Appellant entered the home and began yelling obscenities at Ms. Simcox. Ms. Simcox noted that Appellant was highly agitated, had a strong odor of alcohol about his person, and was carrying a large jug of vodka. Appellant repeatedly referred to Ms. Simcox as a "worthless piece of s**t" and a "god damn bitch." Appellant then yelled these same obscenities into an additional phone receiver, permitting Ms. Watson to hear them. Ms. Simcox then retreated to her bedroom.
 {¶ 9} Ms. Simcox continued her testimony as follows. Appellant approached the bedroom door and began banging on the door. Appellant yelled that if Ms. Simcox did not open the door, he would destroy the property of Ms. Simcox's son. Ms. Simcox briefly opened the door and told Appellant not to destroy anything. Ms. Simcox then shut the door again immediately. Appellant *Page 6 
then said through the door, "Well, you remember the gun I showed you before." Ms. Simcox testified that Appellant had shown her a shotgun roughly a month earlier that he had purchased and that she believed that he would use that gun to harm her.
 {¶ 10} During cross-examination, Ms. Simcox admitted that she had called the local police on three other occasions based upon Appellant's actions. Ms. Simcox continued, noting that on one occasion Appellant threatened to take away her kidney medication which she was required to regularly take.
 {¶ 11} Upon review of the evidence, we cannot say that the trial court lost its way in finding Appellant guilty of domestic violence. Under the facts presented, a reasonable person would have been placed in fear of imminent physical harm following Appellant's reference to a firearm. At the time of the incident, two weeks had passed since Ms. Simcox had filed for divorce against Appellant. Appellant entered the home in an intoxicated state and began screaming obscenities at Ms. Simcox and threatening to destroy property in the house. Appellant then spoke of a gun he had recently shown to Ms. Simcox. Under these facts, this Court can find no other rationale for making this statement other than to place Ms. Simcox in imminent fear of physical harm. Accordingly, the trial court did not create a manifest injustice in finding Appellant guilty of domestic violence. *Page 7 
 {¶ 12} Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra, at *2. Accordingly, Appellant's assignments of error lack merit.
 III {¶ 13} Appellant's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 8 
Costs taxed to Appellant.
 SLABY, P. J., MOORE, J. CONCUR *Page 1