[Cite as *State v. Bullard*, 2021-Ohio-4044.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

LESTER BULLARD

    Appellant

C.A. No.    20AP0032

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2020 CRB 00328

DECISION AND JOURNAL ENTRY

Dated: November 15, 2021

SUTTON, Judge.

{¶1}   Defendant-Appellant Lester Bullard appeals from the judgment of the Wayne County Municipal Court.  This Court affirms.

I.

{¶2}   Around 8:00 p.m. one evening, the police received a call from two eyewitnesses who reported that a woman appeared to be in distress and was being chased in the street by a man.  The woman was later identified as S.R. and the man was later identified as S.R.'s boyfriend, Mr. Bullard.  The responding officers arrived at the scene and found Mr. Bullard and S.R. arguing.  The officers interviewed Mr. Bullard and S.R., and both stated they were having a verbal fight about moving some boxes.  Both Mr. Bullard and S.R. denied the fight ever became physical between the two of them.

{¶3}   After speaking with the eyewitnesses, the police officers learned this was the second call to police the eyewitnesses had placed on that day.  Earlier in the day, the two

eyewitnesses had observed the same two individuals, whom they identified as Mr. Bullard and S.R., fighting in the street. One eyewitness, S.C., witnessed Mr. Bullard kick S.R. with enough force that she yelled out and fell to the ground. S.C. also saw Mr. Bullard shove S.R. several times. The other eyewitness, S.W., witnessed Mr. Bullard attempt to kick S.R. with his leg to prevent her from walking away. The eyewitnesses did not witness any physical contact between Mr. Bullard and S.R. during the second incident.

{¶4} Mr. Bullard was subsequently arrested and charged with one count of domestic violence. At the bench trial, the State made a motion to call Mr. Bullard's girlfriend, S.R., as the court's witness. Mr. Bullard did not object to that motion and the trial court called S.R. as the court's witness. S.R. continued to maintain that Mr. Bullard did not physically harm her on the day in question, and that they were having a verbal fight about moving some boxes. The State presented the testimony of the two eyewitnesses, S.C. and S.W., who testified to the two separate incidents they witnessed in the street that day involving fights between Mr. Bullard and S.R. Mr. Bullard testified in his own defense. He testified that he has impaired mobility because he suffers from osteomyelitis. Because of his osteomyelitis, he could not kick with his leg. He also continued to maintain that he and S.R. had a verbal argument and that their fight never became physical.

{¶5} After hearing the testimony and evidence presented, the court found Mr. Bullard guilty of domestic violence. The court noted on the record that it found the testimony of S.C. and S.W. to be more credible than the testimony of Mr. Bullard and his girlfriend. Mr. Bullard was found guilty of the offense of domestic violence based on S.C.'s testimony about Mr. Bullard kicking S.R. hard enough to make her scream and fall on the ground.

{¶6}    At his sentencing hearing, Mr. Bullard handed the court a motion for a new trial on the basis that he had received ineffective assistance of counsel during the trial.  The trial court delayed the sentencing hearing, appointed Mr. Bullard new counsel, and held a hearing on the timeliness of Mr. Bullard's motion for a new trial.  Although the trial court found Mr. Bullard's motion untimely, the trial court also found Mr. Bullard had been unavoidably prevented from timely filing the motion.  The trial court granted a hearing on the motion for a new trial, but subsequently denied Mr. Bullard's motion.  At a second sentencing hearing, the trial court then sentenced Mr. Bullard to a jail term and a fine.

{¶7}    Mr. Bullard now appeals from his conviction and raises four assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**[MR. BULLARD'S] CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶8}    In his first assignment of error, Mr. Bullard argues his conviction was both based on insufficient evidence and against the manifest weight of the evidence.  It is well-established, however, that "a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations." *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 18.  Accordingly, "it is not appropriate to combine a sufficiency argument and a manifest weight argument within a single assignment of error." *State v. Mukha*, 9th Dist. Wayne No. 18AP0019, 2018-Ohio-4918, ¶ 11; *see* Loc.R. 7(B)(7) ("Each assignment of error shall be separately discussed * * *."); App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to * * *

argue the assignment separately in the brief[.]”).  However, to aid the administration of justice, we exercise our discretion here to consider the merits of Mr. Bullard's combined assignment of error separately below.

## Domestic Violence Statute

{¶9}  Mr. Bullard was charged and convicted of one count of domestic violence, pursuant to R.C. 2919.25(A), which states: “[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member.”  “Physical harm to persons” is defined as “any injury, illness, or other physiological impairment, regardless of its gravity or duration.” R.C. 2901.01(A)(3).

## Standard of Review

{¶10}  Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In carrying out this review, our “function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.”  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. “The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.”  *Id*.

{¶11}  On the other hand, when considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, “weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.”  *State v.*

5

*Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26.

**Sufficiency of the Evidence**

{¶12} We first address Mr. Bullard's arguments challenging the sufficiency of the evidence presented in support of his conviction for domestic violence. Mr. Bullard argues his conviction for domestic violence was not supported by sufficient evidence because the State failed to prove that he knowingly caused physical harm to the victim. In support of his argument, Mr. Bullard argues that both eyewitnesses testified they did not observe physical contact between him and S.R. during the second incident, and it was the second incident, not the first, that resulted in Mr. Bullard's arrest.

{¶13} As the State noted during the trial, the complaint alleged Mr. Bullard committed the offense of domestic violence "[o]n or about April 16, 2020[.]" Therefore, it does not matter whether Mr. Bullard kicked the victim during the first incident or the second incident. The eyewitnesses testified both incidents occurred on April 16, 2020. S.C. testified that she witnessed Mr. Bullard kick the victim with his leg, heard the victim cry out, and watched the victim fall to the ground during the events that constituted the first incident that day. S.C. testified she witnessed the physical harm Mr. Bullard caused the victim. Additionally, it is not disputed that Mr. Bullard and the victim lived together. Viewing this evidence in a light most favorable to the State, a rational trier of fact could have found the essential elements of domestic violence proven beyond a reasonable doubt. We, therefore, reject Mr. Bullard's sufficiency argument.

## Manifest Weight

{¶14}  We now turn to Mr. Bullard's argument that his conviction for domestic violence was against the manifest weight of the evidence.  Mr. Bullard argues his conviction was against the manifest weight of the evidence because the eyewitness testimony was inconsistent and not credible.  The only conflicting testimony S.C. and S.W. gave during the trial pertained to the exact hour the first incident occurred.  S.C. testified it was in the morning and S.W. testified it occurred at about 2:30 p.m.  However, there were more consistencies in the testimony of the two eyewitnesses than discrepancies.  Both women testified the first incident was earlier in the day than the second incident.  Both women identified Mr. Bullard and S.R. as the individuals they saw arguing twice in the street that day.  S.W. testified she saw Mr. Bullard attempt to kick the victim and S.C. testified that she saw Mr. Bullard kick S.R. with enough force to knock her to the ground.  During her testimony, S.W. explained the women were taking turns observing the events, and, therefore, they were not on the street observing the two incidents at the same time.  As a result, S.C. and S.W. witnessed different parts of the incidents.  While the eyewitness testimony conflicted with the testimony of Mr. Bullard and S.R., the trier of fact was in the best position to evaluate the witnesses' credibility.  We cannot say this conflicting testimony rendered Mr. Bullard's conviction for domestic violence against the manifest weight of the evidence.  *See State v. Ross*, 9th Dist. Wayne No. 12CA0007, 2013-Ohio-522, ¶ 16 ("While there was conflicting testimony, we note that the trier of fact was in the best position to evaluate the credibility of witnesses, and this Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge simply because the trial court chose to believe certain witnesses' testimony over the testimony of others.").

{¶15}  In light of the foregoing, Mr. Bullard's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**[MR.] BULLARD WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION.**

{¶16} In his second assignment of error, Mr. Bullard argues that his trial counsel rendered ineffective assistance of counsel because his trial counsel: (1) failed to object to hearsay statements made by the State's witnesses; (2) failed to file a jury demand; (3) failed to object to the in-court identification of Mr. Bullard; and (4) failed to object to the introduction of evidence of bruising on S.R.'s face.

### Standard of Review

{¶17} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Mr. Bullard must establish both that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id*. at paragraph three of the syllabus. If a defendant fails to prove one prong under *Strickland*, this Court need not address the other prong. *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

### Hearsay Statements

{¶18} Mr. Bullard first argues that he was denied ineffective assistance of counsel because his trial counsel failed to object to what he asserts were hearsay statements Officer Festa

gave about what S.W. said to him at the scene. Specifically, Mr. Bullard argues that his trial counsel failed to object to the statement made by Officer Festa that S.W. told him she observed Mr. Bullard grabbing the back of S.R.'s hair.

{¶19} In response, the State argues that Officer Festa's challenged testimony was not hearsay and that the trial court committed no error in admitting the testimony. The State makes the argument that the testimony was offered to show the progression of Officer Festa's preliminary investigation on April 16, 2020, and that statements offered to explain a police officer's conduct while investigating a crime are not hearsay.

{¶20} Mr. Bullard's argument lacks merit for several reasons. First, Mr. Bullard has not demonstrated what prejudice, if any, he suffered by the admission of Officer Festa's statement. The trial court explicitly stated on the record that the basis for the domestic violence conviction was S.C.'s testimony that she witnessed Mr. Bullard kick S.R. hard enough to result in her falling to the ground. The record does not indicate the trial court relied on Officer Festa's testimony in coming to its conclusion. As this Court has previously stated, "[w]e indulge in the usual presumption that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. Gutierrez*, 9th Dist. Wayne No. 18AP0043, 2019-Ohio-4626, ¶ 16, quoting *State v. White*, 15 Ohio St.2d 146, 151 (1968).

{¶21} Further, Mr. Bullard's argument lacks merit because S.W. was the source of the statements Officer Festa made at trial. Because S.W. testified at trial and was subject to cross-examination, the use of any prior statement made by her posed no constitutional problems. *See State v. Gaines*, 1st Dist. Hamilton Nos. C-040122, C-040139, 2005-Ohio-3032, ¶ 25 (Finding no prejudicial error in admission of statement where witness was subject to cross-examination at

trial.). Therefore, assuming arguendo the admitted statements were hearsay and inadmissible, any error in admitting Officer Festa's testimony must be considered harmless. *See State v. Fowler*, 10th Dist. Franklin No. 15AP-1111, 2017-Ohio-438, ¶ 28; *State v. Moton*, 8th Dist. Cuyahoga No. 104470, 2018-Ohio-737, ¶ 29 ("[A]ny error in admitting the hearsay statements by the witness was rendered harmless.").

{¶22} Thus, we cannot say Mr. Bullard's trial counsel was ineffective for failing to object to Officer Festa's testimony.

### Jury Demand

{¶23} Pursuant to Crim.R. 23(A):

> In petty offense cases, where there is a right of trial by jury, the defendant shall be tried by the court unless he demands a jury trial * * * not less than ten days prior to the date set for trial * * * or on or before the third day following receipt of notice of the date set for trial, whichever is later.

Mr. Bullard argues his trial counsel was deficient because trial counsel failed to file a timely jury demand. Assuming arguendo that the failure to file a jury demand in the present case was the result of professional negligence on the part of Mr. Bullard's trial counsel, Mr. Bullard has not demonstrated prejudice as a result thereof. Mr. Bullard merely argues that the outcome *could* have been different instead of arguing how the outcome *would* have been different if he received a jury trial. Because he has not demonstrated any prejudice, he has precluded a finding of ineffective assistance of counsel. *See State v. Fitzgerald*, 9th Dist. Summit No. 22381, 2005-Ohio-2411, ¶ 13 ("[M]erely argu[ing] that he could have had a jury trial had his counsel filed a demand notice * * * fails to establish prejudice."); *State ex rel. Maxwell v. Trikilis*, 9th Dist. Medina No. 06CA0071–M, 2007-Ohio-1355, ¶ 27 ("With respect to a jury demand, Appellant has failed to demonstrate that the result of his bench trial would have been different but for his counsel's failure to make a jury demand.").

### In-Court Identification of Mr. Bullard

{¶24}   Mr. Bullard next argues he was denied effective assistance of counsel because his trial counsel failed to object to the in-court identification of him by the eyewitnesses in the case. "This Court has consistently held that trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." *State v. Smith*, 9th Dist. Wayne No. 12CA0060, 2013-Ohio-3868, ¶ 24, quoting *State v. Guenther,* 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶ 74, quoting *State v. Bradford,* 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27.   Further, assuming arguendo that trial counsel was deficient in failing to object to the identification, Mr. Bullard has again failed to demonstrate how he was prejudiced. Both police officers also identified Mr. Bullard, testified that they were familiar with Mr. Bullard prior to arresting him on the night in question, and testified that the eyewitnesses identified Mr. Bullard at the scene as the man who was fighting with the woman in the street.   Because Mr. Bullard has not established how he was prejudiced by the failure to object to the eyewitnesses' identifications, this Court cannot say that Mr. Bullard's trial counsel was ineffective.

### Testimony Regarding Victim's Bruises

{¶25}   Lastly, Mr. Bullard argues he received ineffective assistance of counsel when his trial counsel failed to object to Officer Festa's testimony regarding bruising he observed on S.R.'s face.   Mr. Bullard argues that the trier of fact could have assumed those bruises were caused by Mr. Bullard.   As stated previously, any failure of trial counsel to make an objection is within the realm of trial tactics and does not establish ineffective assistance of counsel. *See Smith* at ¶ 24.   Further, as stated above, "[w]e indulge in the usual presumption that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary."   *Gutierrez* at ¶ 16,

quoting *White* at 151. The trial court stated explicitly on the record that the basis for Mr. Bullard's conviction was S.C.'s testimony that she witnessed Mr. Bullard kick the victim. The record indicates the trial court did not rely on Officer Festa's testimony about bruising on S.R.'s face in arriving at that conclusion. Thus, we cannot say Mr. Bullard's trial counsel was ineffective for failing to object to the testimony about bruising on the victim's face.

{¶26} Accordingly, Mr. Bullard's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE STATE OF [OHIO'S] MOTION FOR THE COURT TO CALL [S.R.], AS ITS OWN WITNESS, PURSUANT TO [EVID.R.] 614(A).**

{¶27} In his third assignment of error, Mr. Bullard argues the trial court erred as a matter of law in granting the State's motion for the trial court to call the victim, S.R., as the court's witness pursuant to Evid.R. 614(A). For the reasons that follow, we disagree.

### Evid.R. 614(A)

{¶28} Evid.R. 614(A) provides that: "[t]he court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called." "A trial court possesses the authority in the exercise of sound discretion to call individuals as witnesses of the court." *State v. Clay*, 9th Dist. Summit No. 27015, 2014-Ohio-3806, ¶ 53, quoting *State v. Adams*, 62 Ohio St.2d 151 (1980), paragraph four of the syllabus.

{¶29} A review of the record shows that Mr. Bullard failed to object to the State's request to call the victim as the court's witness pursuant to Evid.R. 614(A). "A defendant forfeits appellate review of an alleged error at trial if [he] fails to contemporaneously object to that error at trial." *State v. Jamison*, 9th Dist. Wayne Nos. 19AP0043, 19AP0044, 2021-Ohio-1763, ¶ 21, quoting *State v. McCallum*, 9th Dist. Medina No. 08CA0037-M, 2009-Ohio-1424, ¶

19.  An objection at trial is required because as "[t]his Court has held, except for a claim of plain error, an appellant may not raise an argument for the first time on appeal*."* *State v. Piatt*, 9th Dist. Wayne No. 19AP0023, 2020-Ohio-1177, ¶ 20, quoting *State v. Robinson*, 9th Dist. Summit No. 28488, 2017-Ohio-7380, ¶ 12.  Because Mr. Bullard did not preserve his objection in the trial court or develop a claim of plain error on appeal, his argument about the trial court's decision to call the victim as the court's witness is not properly before us.  *See Piatt* at ¶ 20; *Jamison* at ¶ 21; *McCallum* at ¶ 19.

{**¶30**}  Mr. Bullard's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED WHEN IT DENIED [MR.] BULLARD'S MOTION FOR [A] NEW TRIAL.**

{**¶31**}  In his fourth assignment of error, Mr. Bullard argues the trial court erred when it denied his motion for a new trial pursuant to Crim.R. 33.  Mr. Bullard's sole reason for alleging the trial court erred in denying his motion for a new trial was that he was denied effective assistance of counsel, the same argument he also raises in his second assignment of error.  Given this Court's resolution of the second assignment of error, Mr. Bullard's fourth assignment of error is overruled.

### III.

{**¶32**}  Mr. Bullard's first, second, third, and fourth assignments of error are overruled.  The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.