[Cite as *State v. Monfort*, 2023-Ohio-1024.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30343 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHEN MONFORT | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2022 CRB 01068 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2023

STEVENSON, Judge.

{¶1} Defendant-Appellant Stephen Monfort ("Mr. Monfort") appeals from the judgment of the Stow Municipal Court finding him guilty of domestic violence in violation of R.C. 2919.25(C). This Court affirms the trial court's judgment.

I.

{¶2} Father was in his bedroom on the evening of April 14, 2022 when his adult son, Mr. Monfort, knocked on the door. An argument arose over marijuana. According to Father, Mr. Monfort's rage was showing through again and Mr. Monfort became aggressive, combative, and loud. Mr. Monfort punched the wall near his mother's head.

{¶3} Father testified that he called the police because he was afraid, fearful, and concerned that his son would cause physical harm. He felt afraid because Mr. Monfort's rage was increasing in frequency and severity. Father testified at trial that his son could cause physical harm

as his son is a lot younger and does not have the ailments he suffers with. He also expressed concerns about his son's mental health.

{¶4} Sergeant James Curtin and Officer Paul Ondecker were the responding officers. Sergeant Curtin, who prepared the complaint, testified that Father appeared very fearful of Mr. Monfort and he believed that Father was in fear of his life. Officer Ondecker testified that, before any discussion of a pink slip, Father appeared fearful of Mr. Monfort.

{¶5} A pink slip orders someone to be committed involuntarily for a mental health evaluation. Father expressed a desire to the officers that Mr. Monfort be pink slipped, but the officers did not feel that Mr. Monfort met pink slip criteria.

{¶6} Mr. Monfort was charged with domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. Mr. Monfort was arraigned and a bench trial was held. Mr. Monfort never filed a jury demand. A public defender represented Mr. Monfort at trial. Mr. Monfort was found guilty and sentenced according to law. Mr. Monfort's jail sentence was suspended on the condition he obey all laws and there are no further disturbances for two years.

{¶7} Mr. Monfort appeals from that judgment of conviction, citing three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

**THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.**

{¶8} Mr. Monfort argues in his first assignment of error that his domestic violence conviction was not supported by sufficient evidence and must be vacated. We disagree.

{¶9} Whether a conviction is supported by sufficient evidence is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Questions of law are subject to a de novo review on appeal. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992). In conducting a de novo review, this Court "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "If the evidence is found to be insufficient to prove every element beyond a reasonable doubt, the Double Jeopardy Clauses of the United States and Ohio Constitutions bar retrial." *State v. Troisi*, 124 Ohio St.3d 404, 2010-Ohio-275, ¶ 7, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 15.

{¶10} Domestic violence is "to cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). Mr. Monfort was found guilty of domestic violence in violation of R.C. 2919.25(C). It is a crime under R.C. 2919.25(C) to, "by threat of force, * * * knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

{¶11} The Revised Code does not define "threat" or "threat of force" as used in R.C. 2929.25(C). The Ohio Supreme Court established the following definition of threat:

> The term 'threat' represents a range of statements or conduct intended to impart a feeling of apprehension in the victim, whether of bodily harm, property destruction, or lawful harm, such as exposing the victim's own misconduct.

*State v. Cress*, 112 Ohio St.3d 72, 2006-Ohio-6501, at ¶ 39. This definition of "threat" was recognized by this Court in *State v. Simcox*, 9th Dist. Wayne No. 06CA0031, 2007-Ohio-1217, ¶ 7.

**{¶12}** Mr. Monfort first argues that the state failed to prove his identity at trial. We disagree. "Every criminal prosecution requires proof that the person accused of the crime is the person who committed the crime." *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 15. Father testified that he lives with his wife and Mr. Monfort. When asked who Mr. Monfort is, Father responded that Mr. Monfort is his son and he identified his son as the defendant. The trial court reflected that identification on the record.

**{¶13}** Mr. Monfort next argues that the state failed to prove that he engaged in conduct that constitutes a threat of force and that made Father believe that he would cause imminent physical harm. We disagree.

**{¶14}** Father testified that he called the police because Mr. Monfort's rage was showing through; Mr. Monfort was aggressive; Mr. Monfort punched the wall close to his mother; and Father was afraid that Mr. Monfort was going to hurt him. Other courts have addressed the issue of whether similar conduct constitutes a threat of force. In a case where the defendant's demeanor included yelling and banging on windows, the court held that such conduct was sufficient to cause the victim to believe the defendant was going to cause the victim imminent physical harm. *State v. Cooper*, 11th Dist. Ashtabula No. 2019-A-0090, 2020-Ohio-3559, ¶ 25-26. The domestic violence statute is not limited to specific verbal threats; it includes action that amounts to a threat of force. *Id.* Punching a wall in rage is an implied threat of force and was sufficient to cause Father to believe that Mr. Monfort was going to cause imminent physical harm.

{¶15} Father also testified that Mr. Monfort became "aggressive" by leaning forward and taking an aggressive posture which is another potential threat of force as it imparted "a feeling of apprehension in the victim." *Cress*, 2006-Ohio-6501, at ¶ 39. When asked whether he was afraid Mr. Monfort was going to cause him physical harm, Father responded "yeah." This Court noted in *Simcox* that the standard is whether, because of the defendant's conduct, "a reasonable person would have been placed in fear of imminent physical harm." *State v. Simcox*, 9th Dist. Wayne No. 06CA0031, 2007-Ohio-1217 at ¶ 11. Sergeant Curtin testified that Father appeared very fearful of Mr. Monfort and he believed that Father was in fear of his life that night. Sergeant Curtin prepared the complaint because Father seemed to be in fear of Mr. Monfort. Officer Ondecker testified that Father seemed fearful of Mr. Monfort. Father talked about the threats and his fear of Mr. Monfort before the pink slip discussion occurred.

{¶16} Viewing the evidence in a light most favorable to the state, a rational trier of fact could have found the essential elements of domestic violence proven beyond a reasonable doubt. Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶17} Mr. Monfort next argues that his conviction was against the manifest weight of the evidence. We disagree.

{¶18} When deciding whether a criminal conviction is against the manifest weight of the evidence, this Court must consider the entire record and "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340

(9th Dist.1986). A reversal on a manifest weight of the evidence challenge is reserved for exceptional causes where the evidence weighs heavily against the conviction. *Thompkins*, 78 Ohio St.3d at 387.

{¶19} Mr. Monfort argues that his conviction was against the manifest weight of the evidence as there was a conflict in Father's testimony. The alleged conflict was whether Father was fearful of imminent physical harm or whether Father's fear was based on past events. The weight of the evidence presented by the state, however, supports the trial court's guilty finding.

{¶20} Father testified that he called the police because Mr. Monfort's rage was showing through again; Mr. Monfort was behaving aggressively; Mr. Monfort punched the wall near his mother's head; and because he was afraid of Mr. Monfort. Father told the police that he was afraid of Mr. Monfort that evening. Sergeant Curtin prepared the complaint in this case because Father appeared to be in fear of his life that night. Officer Ondecker testified that Father seemed fearful of Mr. Monfort that evening.

{¶21} The weight of the evidence presented by the state at trial supports the trial court's guilty finding. Mr. Monfort's second assignment of error is overruled.

### THIRD ASSIGNMENT OF ERROR

**WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A JURY DEMAND AND BY FAILING TO MOVE FOR ACQUITAL PURSUANT TO CRIMINAL RULE 29.**

{¶22} Mr. Monfort argues in his third assignment of error that his trial counsel was ineffective. We disagree.

{¶23} To prove ineffective assistance of counsel, Mr. Monfort must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it fell

"below an objective standard of reasonable representation." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. "This requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish resulting prejudice, Mr. Monfort must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley*, 42 Ohio St.3d at paragraph three of the syllabus. Both prongs under *Strickland* must be established to support an ineffective assistance of counsel claim. *Strickland* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

{¶24} Mr. Monfort's suggestion that a jury would have rendered a different verdict is speculative and does not support a reversal of the conviction. First, the record is devoid of evidence that Mr. Monfort sought a jury or did not agree with the decision to try the case to the trial court. Assuming arguendo that the failure to file a jury demand was the result of professional negligence on counsel's part, Mr. Monfort has not demonstrated prejudice as a result thereof. Merely suggesting that a jury may have rendered a different decision does not establish prejudice. Like the appellant in *State v. Bullard*, 9th Dist. Wayne No. 20AP0032, 2021-Ohio-4044, Mr. Monfort "merely argues that the outcome *could* have been different instead of arguing how the outcome *would* have been different if he received a jury trial." *Id.* at ¶ 22. Mr. Monfort cannot point to evidence in the record to establish that the trial court was biased or prejudiced against him or that he was prejudiced by proceeding with a bench trial. Simply arguing that he could have had a jury trial, had counsel filed a demand, does not establish prejudice. *Akron v. Fitzgerald*, 9th Dist. Summit No. 22381, 2005-Ohio-2411, ¶13.

{¶25} Mr. Monfort also argues that, because the evidence was insufficient to sustain a domestic violence conviction, his trial counsel should have moved for an acquittal pursuant to Crim.R. 29. In resolving Mr. Monfort's first and second assignments of error, this Court concludes that the domestic violence conviction was sustained by sufficient evidence and that the weight of the evidence presented at trial supports the trial court's guilty finding. The record establishes that Mr. Monfort, by threat of force, caused Father to believe that Mr. Monfort would cause imminent physical harm to Father. Among other actions, Mr. Monfort punched a wall near his mother; was aggressive in his stance; and was loud. Father reasonably believed that Mr. Monfort would cause imminent physical harm. The record supports a domestic violence conviction. Because the state presented sufficient evidence to sustain a conviction, a Crim.R. 29 motion would have been meritless. *See State v. Worthy*, 9th Dist. Summit No. 23791, 2008-Ohio-1448, ¶ 17. "[C]ounsel's failure to make a Crim.R. 29 motion for acquittal is not ineffective assistance of counsel where such a motion would have been fruitless." *State v. McCroskey*, 9th Dist. Wayne No. 96CA0026, 1997 WL 164322, *5 (Apr. 2, 1997).

{¶26} Mr. Monfort has failed to demonstrate that trial counsel's actions were deficient and that he was prejudiced by trial counsel's performance. *Strickland*, 466 U.S. at 687. The record does not indicate that a Crim.R. 29 motion for acquittal had any merit. Counsel's failure to file such a motion "can be attributed to sound trial strategy as well as to ethical considerations of filing potentially frivolous motions." *Defiance v. Cannon*, 70 Ohio App.3d 821, 826 (3d Dist.1990).

{¶27} Accordingly, for the reasons set forth above, Mr. Monfort's third assignment of error is overruled.

III.

**{¶28}** The judgment of the Stow Municipal Court finding Mr. Monfort guilty of domestic violence in violation of R.C. 2919.25(C) is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

CATHERINE MEEHAN, Attorney at Law, for Appellant.

SARA FAGNILLA, Prosecuting Attorney, for Appellee.