[Cite as *State v. Adams*, 2015-Ohio-3883.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102387**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GRANVILLE ADAMS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585896-B

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 24, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building
Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Anthony Thomas Miranda
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Granville Adams appeals his convictions from the Cuyahoga County Court of Common Pleas for three counts of aggravated theft. Adams argues that the trial court erred in imposing consecutive sentences and failed to merge his convictions as allied offenses of similar import. For the following reasons, we affirm.

{¶2} Adams was indicted for three counts of aggravated robbery and three counts of kidnapping. Adams entered into a plea agreement whereby the state agreed to amend the three aggravated robbery counts to three counts of aggravated theft of greater than $5,000. All three counts were additionally amended to delete firearm specifications. Adams entered guilty pleas to the amended counts and the kidnapping counts were nolled.

{¶3} At sentencing the trial court placed the appellant under the supervision of the probation department for a two-year period of community control with conditions of 90 days of local incarceration for each count and ordered that court costs and restitution be paid. The trial court ordered the 90-day jail terms to be served consecutively, noting that the various counts involved separate victims. The trial court noted that Adams had 180 days of jail-time credit and, therefore, had 90 days remaining to be served on his sentence.

{¶4} Adams appeals and in his first and second assignments of error he argues that the trial court erred in imposing consecutive sanctions in the form of the three 90-day jail sentences.

Adams argues that the trial court failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) and, through the imposition of consecutive sentences, improperly imposed a cumulative jail term in excess of the limits of R.C. 2929.16(A)(2).[1]

{¶5} The state argues that Adams's first and second assignments of error are moot because he has completed the entirety of his jail sentence, an assertion to which appellant concedes. In *State v. Santiago*, 8th Dist. Cuyahoga No. 101612, 2015-Ohio-1301, this court explained the concept of mootness applicable to a situation where the defendant challenged only his or her sentence on appeal:

> It has long been the rule in Ohio that an appeal from a conviction is moot when the offender has completed his sentence and has failed to sustain his burden of demonstrating a collateral disability or loss of civil rights stemming from that conviction. But recognizing "the numerous adverse collateral consequences imposed upon convicted felons," the Supreme Court, in *State v. Golston*, 71 Ohio St.3d 224, 227, 1994 Ohio 109, 643 N.E.2d 109 (1994), "adopted a conclusive presumption that '[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment'" *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 19, 953

---

[1] Adams presents no arguments regarding the two-year probation period imposed by the trial court.

N.E.2d 278, quoting *Golston* at syllabus. Thus, the court held that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." *Golston* at syllabus.

> The *Golston* rule recognizes that a convicted felon who has completed his sentence should not suffer the collateral consequences associated with a felony conviction without being afforded an opportunity to challenge that conviction. But that principle is not served, and thus an appeal is moot, when, as here, the appellant challenges only his sentence, and his completion of his sentence leaves him without a remedy affecting his conviction

*Id.* at ¶ 7-8 (citations omitted.)

{¶6} The state notes that Adams was sentenced on November 18, 2014, with 90 days remaining on his jail term and he was released from jail on February 16, 2015 after completing his sentence. Accordingly, because Adams is no longer serving his challenged jail sentence, there is no remedy this court may provide.

{¶7} We find his first two assignments of error to be moot.

{¶8} In his third assignment of error, Adams argues that the trial court committed plain error by failing to inquire into whether his three aggravated theft convictions were allied offenses of similar import.

{¶9} Adams failed to raise the issue of allied offenses at sentencing and therefore has forfeited all but plain error. *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 3. Adams has the burden to "demonstrate a reasonable probability that the convictions are for allied

offenses of similar import committed with the same conduct and without a separate animus * * *." *Id.*

{¶10} There is no such evidence on the record. To the contrary, the record contains repeated references to the fact that each of Adams aggravated theft convictions involved a different victim. Adams himself concedes this fact. The Ohio Supreme Court recently reaffirmed in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892 ¶1 0 that "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims * * *."

{¶11} We conclude that Adams has failed to demonstrate plain error in this instance.

{¶12} Adams' third assignment of error is overruled.

{¶13} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR