[Cite as *State v. Doseck*, 2024-Ohio-199.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

GARY A. DOSECK,

      DEFENDANT-APPELLANT.

CASE NO. 8-23-13


O P I N I O N

---

**Appeal from Logan County Common Pleas Court**
**Trial Court No. CR 22 06 0133**

**Appeal Dismissed**

**Date of Decision:  January 22, 2024**

---

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Erin G. Rosen* **for Appellee**

**MILLER, J.**

{¶1} Defendant-Appellant, Gary Doseck ("Doseck"), appeals the June 7, 2023 judgment entry issued by the Logan County Court of Common Pleas sentencing him for a community control violation. For the reasons that follow, we dismiss Doseck's appeal as moot.

{¶2} In December of 2022, Doseck pleaded guilty to one fifth-degree felony count of trafficking in cocaine, in violation of R.C. 2925.03, and one fifth-degree felony count of possession of cocaine, in violation of R.C. 2925.11. The State dismissed a third charge as part of a plea agreement. On January 5, 2023, the trial court sentenced Doseck to five years of community control. At the sentencing hearing, the judge informed Doseck that, in the alternative to community control, Doseck's convictions on the two counts were subject to prison terms of 12 months each and that the court reserved the right to order the prison terms to be served consecutively.

{¶3} Doseck subsequently violated certain terms and conditions of his community control. On May 22, 2023, the trial court sentenced Doseck to remain on community control with the additional condition that he complete an in-patient substance abuse treatment program at the West Central Community Based Correctional Facility. At this sentencing hearing, the judge once again informed

Doseck that, in the alternative to community control, Doseck's convictions on the two counts were subject to consecutive prison terms of 12 months for each count.

{¶4} West Central Community Based Correctional Facility denied Doseck from participating in the in-patient substance abuse treatment program for medical reasons. Therefore, the trial court held a re-sentencing hearing on June 7, 2023. The same day, the trial court entered a judgment entry stating, in part:

> [T]his court previously imposed a suspended prison term of twelve (12) months under count one, trafficking in cocaine, in violation of R.C. 2925.03(A)(1), 2925.03(C)(4)(a), a felony of the fifth degree; and a prison term of Twelve (12) months under count three, possession of cocaine, in violation of R.C. 2925.11(A), 2925.11(C)(4)(a), a felony of the fifth degree.
>
> The court finds that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11 and that Community Control is hereby revoked and terminated. It is, therefore, ordered, adjudged and decreed by the Court that Defendant Gary A. Doseck shall serve a stated prison term of Twelve (12) months under count one * * * and a prison term of Twelve (12) months under count three * * * *to be served concurrently.*
>
> Defendant is hereby conveyed to the custody of the Ohio Department of Rehabilitation and Corrections. *Credit for Two Hundred Twenty-two (222) days is granted as of this hearing date, along with future custody days while Defendant awaits transportation to the appropriate state institution.*

(Emphasis added.) (June 7, 2023 Judgment Entry).

{¶5} Doseck then filed his appeal, raising a single assignment of error for our review:

**Assignment of Error**

**The trial court's sentence of incarceration was strikingly inconsistent with the R.C. 2929.11 and R.C. 2929.12 factors.**

Doseck asks that we vacate his sentence, arguing the trial court arbitrarily applied the sentencing factors in R.C. 2929.11 and R.C. 2929.12. He argues the trial court rendered a sentence of incarceration that "is strikingly inconsistent with those factors when it initially sentenced [him] to continued community control but sixteen-days later resentenced him to incarceration because he was not medically able to enroll in drug treatment." (Appellant's Brief).

{¶6} In our review, the record shows that Doseck did not request a stay of the execution of his sentence either in the trial court or in this court. Additionally, a review of the transcript from the June 7, 2023 resentencing hearing shows: the judge ordered Doseck be taken into custody and transported to prison; Doseck's counsel requested a 24-hour furlough; and the judge denied that request and again informed Doseck he would be taken into custody and transported directly to prison because the judge did not trust Doseck to report to the jail the next day in a sober condition.

{¶7} Given the 222 days of jail time credit, the trial court's sentence resulted in a remaining prison term of 143 days as of June 7, 2023. Thus, as shown in the July 19, 2023 Notice of Calculation of Sentence filed in the record, Doseck's expected release date was October 28, 2023.

{¶8} Therefore, the record supports Doseck's sentence has been completed. Accordingly, we cannot provide Doseck with his requested relief. Because Doseck does not challenge the underlying convictions, but instead only challenges the sentence he has already completed, this appeal is moot. *See State v. Scott*, 3d Dist. Allen Nos. 1-21-41, 1-21-42, and 1-21-43, 2022-Ohio-745, ¶ 12 ("[w]hen a sentence has been completed, a challenge to the length of the sentence is moot because there is no relief to be given"); *State v. Keckler*, 3d Dist. Hancock No. 5-13-16, 2013-Ohio-5493, ¶ 9 ("'[i]f an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction'"), quoting *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, * 1 (Dec. 14, 2001); *State v. Adams*, 8th Dist. Cuyahoga No. 102387, 2015-Ohio-3883, ¶ 5-6 (assignments of error challenging sentence were moot because defendant was no longer serving his challenged jail sentence so the court could not provide a remedy).

{¶9} For the foregoing reasons, Doseck's appeal is dismissed as moot.

***Appeal Dismissed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/hls**