[Cite as *State v. Alanani*, 2024-Ohio-5660.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240261 |
|  |  | TRIAL NOS. C/23/CRB/4258/A/B/C |
| Plaintiff-Appellee, | : |  |
| vs. | : |  |
|  |  | *O P I N I O N* |
| SUFYAN ALANANI, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Appellant Discharged in Part;
          Appeal Dismissed in Part

Date of Judgment Entry on Appeal: December 4, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

**Bock, Presiding Judge.**

**{¶1}** After a 17-year-old boy insulted defendant-appellant Sufyan Alanani by jokingly "missing" a handshake, Alanani grabbed the minor's penis, attempted to strike the minor with his knee, and threatened to return with a gun to shoot the minor. After a bench trial, the trial court convicted Alanani of sexual imposition, assault, and aggravated menacing. The trial court imposed the maximum sentence on each count.

**{¶2}** Alanani appeals, challenging both his sexual-imposition conviction and the length of his sentences.

**{¶3}** The State concedes that because the record contains no evidence that Alanani touched the minor's erogenous zone for the purpose of sexual arousal or gratification, insufficient evidence supports Alanani's sexual-imposition conviction. We agree. Therefore, we reverse Alanani's sexual-imposition conviction and discharge him from further prosecution on that charge.

**{¶4}** And because Alanani has fully served his sentences on the aggravated-menacing and assault convictions, we cannot afford him any meaningful relief related to the length of his sentences. Accordingly, Alanani's challenge to the sentences is moot and we dismiss that portion of his appeal.

## I.   *Factual and Procedural History*

### A. *Procedural history*

**{¶5}** In March 2023, the State charged Alanani in a three-count misdemeanor indictment for assault in violation of R.C. 2903.13(A), aggravated menacing in violation of R.C. 2903.21(A), and sexual imposition in violation of R.C. 2907.06(A)(1). After a bench trial, the trial court found him guilty on all counts. The trial court imposed 180-day sentences on the assault and aggravated-menacing convictions, plus a 90-day sentence on the sexual-imposition conviction, all to run

concurrently. Alanani moved for a stay of his sentence pending appeal, which the trial court denied. Alanani appealed.

### B. Facts

**{¶6}** In February 2023, 17-year-old T.L. worked at a Walmart store. Alanani worked as a grocery delivery driver. When Alanani arrived at the Walmart to pick up an order, T.L. brought the order to Alanani's delivery van.

**{¶7}** In an apparent joke, T.L. went to shake Alanani's hand but pulled his hand back, causing Alanani to miss the handshake. Alanani responded by grabbing T.L.'s penis and threatening T.L. that he would return with a gun and kill T.L. Alanani also lifted his knee as if to strike T.L.

**{¶8}** After T.L. finished loading the grocery order, Alanani left and T.L. told a coworker about the incident. She called the police and Officer Meinking reported to the scene, spoke with T.L., and watched security camera footage of the incident.

**{¶9}** While Meinking was watching the video, Alanani returned to the Walmart. Meinking arrested Alanani, who stated that the whole thing was a misunderstanding.

**{¶10}** Alanani moved under Crim.R. 29 for a judgment of acquittal on the sexual-imposition charge based on the State presenting no evidence of sexual gratification. The State argued that it did not need to prove sexual gratification. The trial court agreed, stating, "The terms 'sexual gratification' are no longer contained in the Ohio Revised Code. A new version was enacted." The trial court denied the motion.

**{¶11}** Alanani testified and denied trying to grab T.L.'s penis or threatening him. Regarding his knee movement, Alanani testified that he raised his leg to alleviate numbness and had no intention of striking T.L. And in his closing argument, Alanani again argued that the State failed to produce evidence of sexual arousal or gratification

to support the sexual-imposition charge.

**{¶12}** The trial court found Alanani guilty, stating that T.L. "did not imagine the unwanted sexual contact of his genitals by the defendant." It sentenced Alanani to the maximum sentence on each count—180 days on the assault and aggravated-menacing charges, and 90 days on the sexual-imposition charge—to run concurrently. The trial court notified Alanani of his requirement to register as a Tier I sex offender. The trial court denied Alanani's motion for a stay pending appeal.

## II. Analysis

**{¶13}** Alanani raises two assignments of error. First, he asserts that the trial court abused its discretion in sentencing him to the maximum sentence on each count. Second, Alanani argues that his sexual imposition conviction was not supported by sufficient evidence. We address these out of order for ease of discussion.

### A. Alanani's sexual-imposition conviction was not supported by sufficient evidence

**{¶14}** In his second assignment of error, Alanani challenges his sexual-imposition conviction on sufficiency grounds.[1] He argues that the State failed to present any evidence on the element of "sexual contact." The State concedes the error.

#### 1. Criminal convictions must be supported by sufficient evidence

**{¶15}** A sufficiency-of-the-evidence challenge asks whether the State presented adequate evidence to establish each element of the offense. *State v. Hurt*, 2024-Ohio-3115, ¶ 84 (1st Dist.). Viewing the evidence in the light most favorable to the State, we determine whether a reasonable fact finder could find that the State proved each element of the offense beyond a reasonable doubt. *State v. Henderson*,

---

[1] While Alanani has served his sentence, his challenge to his sexual-imposition conviction is not moot because he sought a stay pending appeal and did not serve the sentence voluntarily. *See City of Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 23.

2024-Ohio-2312, ¶ 24 (1st Dist.). We do not weigh the evidence, and if the evidence is susceptible to multiple interpretations, we adopt the interpretation consistent with the trial court's judgment. *Hurt* at ¶ 84. And when the state fails to produce sufficient evidence to support a conviction, the Double Jeopardy Clauses of the United States and Ohio Constitutions bar retrial. *State v. Troisi*, 2010-Ohio-275, ¶ 7.

### 2. *Sexual imposition*

{¶16} The State charged Alanani with sexual imposition in violation of R.C. 2907.06(A)(1), which provides: "No person shall have sexual contact with another . . . when . . . (1) The offender knows that the sexual contact is offensive to the other person, . . . or is reckless in that regard." R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, *for the purpose of sexually arousing or gratifying either person*." (Emphasis added.) Purpose is the relevant mental state for sexual contact. *State v. Chasteen*, 2024-Ohio-909, ¶ 13 (1st Dist.); *State v. Dunlap*, 2011-Ohio-4111, ¶ 22. "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). One's purpose may be inferred from circumstantial evidence. *Henderson* at ¶ 26.

{¶17} The Ohio Revised Code does not define sexual arousal or gratification. Whether a defendant's contact with a complaining witness was for the purpose of sexual arousal or for some other purpose is a factual question to be resolved based on "'the type, nature, and circumstances surrounding the contact.'" *State v. Mack*, 2006-Ohio-6284, ¶ 9 (1st Dist.), quoting *State v. Daniels*, 2003-Ohio-1545, ¶ 10 (1st Dist.).

Merely touching an erogenous zone is insufficient to establish that the contact was for the purpose of sexual arousal or gratification. *Id*. But the touching "may constitute strong evidence of intent." *Id*.

### 3. The trial court convicted Alanani based on insufficient evidence

**{¶18}** The State presented no evidence to support an inference that Alanani touched T.L.'s penis for the purpose of sexual arousal or gratification. Indeed, the State asserted below that sexual arousal or gratification was not an element of the offense. The State concedes the error and acknowledges that it presented no evidence of sexual arousal or gratification below. We agree that the State failed to produce evidence showing sexual arousal or gratification.

**{¶19}** We sustain Alanani's second assignment of error, reverse his sexual-imposition conviction, and discharge him from further prosecution on that charge.

## B. Alanani's first assignment of error is moot

**{¶20}** In his first assignment of error, Alanani argues that the trial court abused its discretion in sentencing him to the maximum sentence on each count. But because Alanani has served his sentences, this assignment of error is moot.

**{¶21}** An appellate court lacks jurisdiction to consider the merits of a moot appeal. *Henderson*, 2024-Ohio-2312, at ¶ 17 (1st Dist.), citing *State v. Ekouevi*, 2023-Ohio-703, ¶ 4 (1st Dist.). A defendant's challenge to the length of a sentence is moot where the defendant has served the entire sentence before an appellate court hears the appeal. *State v. Doseck*, 2024-Ohio-199, ¶ 8 (3d Dist.) ("Because Doseck does not challenge the underlying convictions, but instead only challenges the sentence he has already completed, this appeal is moot.") (collecting cases).

**{¶22}** The trial court sentenced Alanani to 180 days' incarceration on April 17, 2024, and he received no jail-time credit. He completed his concurrent sentences on,

at the latest, October 14, 2024.

**{¶23}** Alanani's first assignment of error challenges only the length of the sentences, not his convictions. As Alanani has completed his sentences, there is no relief this court can afford. Therefore, his challenge to the length of his completed sentences is moot. *See State v. Santiago*, 2015-Ohio-1301, ¶ 8 (8th Dist.) ("[T]he appellant challenges only his sentence, and his completion of his sentence leaves him without a remedy affecting his conviction.").

**{¶24}** Accordingly, Alanani's first assignment of error is moot, and his appeal is dismissed to the extent it challenges his sentences for assault and aggravated menacing.

### III.    Conclusion

**{¶25}** For the foregoing reasons, we sustain Alanani's second assignment of error, reverse his conviction for sexual imposition and discharge him from further prosecution on that charge. Alanani's first assignment of error is moot and the part of his appeal pertaining to it is dismissed.

Judgment accordingly.

**ZAYAS** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.